**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRELL JOHNSON,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO.   19-cv-5093** |
| | : | |
| **SUPERINTENDENT LEE ESTOCK, et al.,** | : | |
| **Respondents.** | : | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                         **August 11, 2022**

Before the Court is a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254 by Darrell Johnson (Petitioner), an individual currently incarcerated at the State

Correctional Institution—Pine Grove in Indiana, Pennsylvania.  This matter has been referred to

me for a Report and Recommendation.  For the following reasons, I respectfully recommend that

the petition for habeas corpus be **DENIED**.


I.      **FACTUAL AND PROCEDURAL HISTORY[1]**

The trial court on direct appeal provided the following recitation of the facts:

> In the early morning of December 24, 2007, [Petitioner]
> confronted his cousin Tyrone Coleman on the corner of 5300
> Delancey Street in the City and County of Philadelphia about money
> he was owed.  Curtis Johnson, another cousin of [Petitioner], was an

---

[1]  Respondents have submitted the state court record (SCR) in hard-copy format.
Documents contained in the SCR will be cited as "SCR No. D___."  The Court has also
consulted the Philadelphia Court of Common Pleas criminal docket sheet for Petitioner's
underlying criminal case in *Commonwealth v. Johnson*, No. CP-51-CR-0010412-2008 (Phila.
Cnty. Com. Pl.), *available at*
https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0010412-
2008&dnh=bJC%2BrIoLeRUCq0%2BdQOg2Iw%3D%3D (last visited August 11, 2022)
[hereinafter "Crim. Docket"].

eyewitness to the argument. During the course of the argument, [Petitioner] pulled out a black semi-automatic handgun. Coleman said, "What are you going to do, shoot me ... You're not going to shoot me." [Petitioner] did in fact shoot Coleman once in the neck. Tianna Thomas was walking on Delancey Street with two (2) friends when she saw [Petitioner] shoot Tyrone Coleman. She gave a full statement and identified [Petitioner] from a photo array.

[Petitioner] and Curtis Johnson left Coleman in the street and went to Helen Durham's house where they discussed the shooting in Isaac Whitaker's presence. Isaac Whitaker also had been with [Petitioner] and Curtis Johnson earlier in the evening at Durham's house. Whitaker and Curtis Johnson were upset with [Petitioner] because Tyrone Coleman was their cousin. Both men gave statements to law enforcement. Curtis Johnson also testified at the preliminary hearing.

Tyrone Coleman was pronounced dead at the scene having sustained a single fatal gunshot wound to his neck which severed the carotid artery. One (1) .38 caliber fired cartridge casing was recovered from the sidewalk.

*Com. v. Johnson*, No. CP-52-CR-001041222008, 2010 WL 10879457 (Pa. Com. Pl. 2010)

(internal citations omitted).

At the conclusion of Petitioner's trial, the trial court gave the jury the following

instructions on reasonable doubt:

Now, ladies and gentlemen, the standard that the Commonwealth is held to is proof beyond a reasonable doubt. It is the highest standard in the law. There is nothing greater. The Commonwealth bears the burden of proving that Darrell Johnson is guilty beyond a reasonable doubt. But this does not mean that the Commonwealth must prove its case beyond all doubt. The Commonwealth is not required to meet some mathematical certainty. The Commonwealth is not required to demonstrate the complete impossibility of innocence.

A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, to refrain from acting upon a matter of the highest importance to their own affairs, their own interests. Ladies and gentlemen, a reasonable doubt must be a real doubt. It must be a doubt that arises out of the evidence or out of the lack of evidence presented. It may not be a doubt that is

2

imagined. It may not be a doubt that is manufactured to avoid carrying out an unpleasant responsibility. I think about reasonable doubt this way:

> *Each one of you has someone in your life that you love. Each one of you has a precious one; a spouse, a significant other, a sibling, a child, a grandchild. There's someone in your life who is absolutely precious to you. If you were told that your precious one had a life-threatening condition and that the only appropriate protocol for that condition was surgery, now, ladies and gentlemen, most likely you're going to ask for a second opinion. You might even ask for a third opinion. If you're like me, you're going to do all the research you can find. You're going to want to know what is this condition. How is it treated. What is the likelihood of success. You're probably going to call everybody you know who has anything to do with medicine. Tell me. Tell me what you know about this condition. Tell me about the surgery. Tell me about this doctor who is doing the surgery.*

> *Ladies and gentlemen, at some point, however, the question will be called, do you go forward with the surgery or not. If you go forward with the surgery, it's not because you have moved beyond all doubt. There are no guarantees. A reasonable doubt is a doubt that arises out of the evidence presented or out of the lack of the evidence presented with some respect to some element of each of the crimes charged. Ladies and gentlemen, if you go forward, it is because you have moved beyond all reasonable doubt. I remind you again that it must be a real doubt. It may not be manufactured. It may not be a doubt that is created to avoid carrying out an unpleasant or serious responsibility.*

> You may not find Darrell Johnson guilty based upon a mere suspicion of guilt. The Commonwealth's burden is to prove beyond a reasonable doubt each and every element of the crimes charged and that Darrell Johnson is guilty of those crimes. If the Commonwealth has met that burden, then Darrell Johnson is no[] longer presumed to be innocent and you must find him guilty. On the other hand, if the Commonwealth has not met its burden, then you must find him not guilty.

(N.T. 3/15/2010 at 51–54) (emphasis added).

The jury found Petitioner guilty of murder in the first degree, firearms not to be carried

without a license, carrying a firearm in public in Philadelphia, and possession of an instrument of

crime.  (Crim. Docket at 4–5).  On March 24, 2010, the trial court sentenced Petitioner to life imprisonment without the possibility of parole, with concurrent terms of imprisonment for the remaining offenses.  *Id.* at 5.

Petitioner appealed his conviction, challenging the sufficiency of the evidence and the trial court's decision to allow Curtis Johnson's statements to be read into the record.  On October 8, 2014, the Pennsylvania Superior Court affirmed Petitioner's sentence.  *Com. v. Johnson*, No. 3080 EDA 2013, 2014 WL 10795279 (Pa. Super. Ct. 2014).  On March 3, 2015, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.  (Crim. Docket at 14).

On February 22, 2016, Petitioner filed a timely Post-Conviction Relief Act (PCRA) petition.  *Id.*  In his PCRA, Petitioner challenged the constitutionality of the trial court's jury instruction.  (PCRA Pet., 9/12/2017).  On December 15, 2017, the PCRA court dismissed the petition, and on March 25, 2019, the Superior Court affirmed the dismissal.  (Crim. Docket at 16–17; *Com. v. Johnson*, No. 358 EDA 2018, 2019 WL 1338679 (Pa. Super. Ct. 2019)).  The Superior Court found Petitioner's claim to be waived because he could have raised it on direct appeal but did not.  *Com. v. Johnson*, 2019 WL 1338679, at *3.  The court also noted that Petitioner claimed on appeal from the denial of his PCRA that trial counsel was ineffective for failing to object to the instruction; however, he did not raise this claim in his PCRA petition.  *Id.*  Because of this, the court found Petitioner's ineffectiveness claim to be waived.  *Id.*  On October 22, 2019, the Pennsylvania Supreme Court denied allowance of appeal.  (Crim. Docket at 18).

Petitioner filed the instant timely habeas corpus petition.  (Hab. Pet., ECF No. 1).  In his petition, Petitioner raises one claim for relief: that trial counsel was ineffective for failing to object to the trial judge's jury instruction on reasonable doubt.  (Hab. Pet., ECF No. 1, at 5). The

Commonwealth filed its Response to Petitioner's habeas petition, (Resp., ECF No. 9), and

Petitioner filed a reply. (Reply, ECF No. 12). This matter was referred to me by the Honorable

Judge Gene E.K. Pratter for a Report and Recommendation. (Order, ECF No. 2).


## II.   LEGAL STANDARDS

### A.   Exhaustion and Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons

in state or federal custody the right to file a petition in a federal court seeking the issuance of a

writ of habeas corpus. *See* 28 U.S.C. § 2254. Pursuant to AEDPA:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts
> of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to
> protect the rights of applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is rooted in considerations of comity, to

ensure that state courts have the initial opportunity to review federal constitutional challenges to

state convictions. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S.

509, 518 (1982); *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007); *Werts v. Vaughn*, 228

F.3d 178, 192 (3d Cir. 2000).

Respect for the state court system requires that the habeas petitioner demonstrate that the

claims in question have been "fairly presented to the state courts." *Castille*, 489 U.S. at 351. To

"fairly present" a claim, a petition must present its "factual and legal substance to the state courts

in a manner that puts them on notice that a federal claim is being asserted." *McCandless v.*

*Vaughn*, 172 F.3d 225, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d

Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same

factual and legal basis to the state courts).  A state prisoner exhausted state remedies by giving

the "state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999).  In Pennsylvania, one complete round includes presenting the federal

claim through the Superior Court on direct or collateral review.  *See Lambert v. Blackwell*, 387

F.3d 210, 233-34 (3d Cir. 2004).  The habeas petition bears the burden of proving exhaustion of

all state remedies.  *Boyd v. Waymart*, 579 F.3d 330, 367 (2009).

 If a habeas petition contains unexhausted claims, the federal district court must ordinarily

dismiss the petition without prejudice so that the petitioner can return to state court to exhaust his

remedies.  *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004).  However, if state law would

clearly foreclose review of the claims, the exhaustion requirement is technically satisfied because

there is an absence of state corrective process.  *See Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d

Cir. 2002); *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000).  The failure to properly present

claims to the state court generally results in a procedural default.  *Lines*, 208 F.3d at 159-60.  The

doctrine of procedural default bars federal habeas relief when a state court relies upon, or would

rely upon, "'a state law ground that is independent of the federal question and adequate to

support the judgment'" to foreclose review of the federal claim.  *Nolan v. Wynder*, 363 F. App'x

868, 871 (3d Cir. 2010) (not precedential) (quoting *Beard v. Kindler*, 558 U.S. 53, 53 (2009));

*see also Taylor v. Horn*, 504 F.3d 416, 427-28 (3d Cir. 2007) (citing *Coleman v. Thompson*, 501

U.S. 722, 730 (1991)).

 The requirements of "independence" and "adequacy" are distinct.  *Johnson v. Pinchak*,

392 F.3d 551, 557-59 (3d Cir. 2004).  State procedural grounds are not independent, and will not bar federal habeas relief, if the state law ground is so "interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims.  *Coleman*, 501 U.S. at 739-40.  A state rule is "adequate" for procedural default purposes if it is "firmly established and regularly followed."  *Johnson v. Lee*, ___ U.S. ___, 136 S. Ct. 1802, 1804 (2016) (*per curiam*) (citation omitted).  These requirements ensure that "federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule," *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005), and that "review is foreclosed by what may honestly be called 'rules' . . . of general applicability[,] rather than by whim or prejudice against a claim or claimant."  *Id.* at 708.

Like the exhaustion requirement, the doctrine of procedural default is grounded in principles of comity and federalism.  As the Supreme Court has explained:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.  The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits by the state courts due to procedural default, unless such petitioner can demonstrate: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice.  *Id.* at 451; *Coleman*, 501 U.S. at 750.  To demonstrate cause and prejudice, the petitioner must show some objective factor external to the defense that impeded counsel's efforts to comply with some state procedural rule.  *Slutzker*, 393 F.3d at 381 (quoting

*Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  To demonstrate a fundamental miscarriage of justice, a habeas petitioner must typically demonstrate actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 324-26 (1995).

 **B.** **Merits Review**

 The AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts.  *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002); *Werts*, 228 F.3d at 196.  Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petition for habeas corpus may be granted only if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonably application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) the adjudication resulted in a decision  that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  *Werts*, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

 The Supreme Court has explained that, "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle form [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at

413.  The "unreasonable application" inquiry requires the habeas court to "ask whether the state

court's application of clearly established federal law was objectively unreasonable."  *Hameen*,

212 F.3d at 235 (citing *Williams*, 529 U.S. at 388-89).  "In further delineating the 'unreasonable

application' component, the Supreme Court stressed that an unreasonable application of federal

law is different from an incorrect application of such law and that a federal habeas court may not

grant relief unless that court determines that a state court's incorrect or erroneous application of

clearly established federal law was also unreasonable."  *Werts*, 228 F.3d at 196 (citation

omitted).

## III.    DISCUSSION

Petitioner raises one claim for relief: that trial counsel was ineffective for failing to object

to the trial judge's jury instruction on reasonable doubt.  (Hab. Pet., ECF No. 1, at 5).  The

Commonwealth argues that this claim is procedurally defaulted because Petitioner failed to

properly present it to the state courts and would be barred from doing so now.  (Resp., ECF No.

9, at 11–12).  Petitioner recognizes that his claim is procedurally defaulted, but asserts the default

is excused due to PCRA counsel's alleged ineffectiveness under *Martinez v. Ryan*, 566 U.S. 1

(2012).  (Hab. Pet., ECF No. 1, at 6).  In response, the Commonwealth also argues that the

underlying claim of trial counsel's ineffectiveness is not substantial.  (Resp., ECF No. 9, at 12).

I find that Petitioner has demonstrated cause to excuse the default under *Martinez*.  However, I

find that his ineffective assistance of counsel claim fails on its merits because he has not satisfied

the prejudice prong of *Strickland*.

### A.    Exhaustion and Procedural Default

As noted above, a petitioner must exhaust his federal constitutional claims in state court

before raising them in a federal habeas petition.  28 U.S.C. § 2254(b)(1); *Castille*, 489 U.S. at

349; *Rose*, 455 U.S. at 518.  When a state court relies on an independent and adequate state

ground in rejecting a claim, the result is a procedural default barring federal habeas review.

*Beard*, 558 U.S. at 55 ("A federal habeas court will not review a claim rejected by a state court

'if the decision of [the state] court rests on a state law ground that is independent of the federal

question and adequate to support the judgment.'" (quoting *Coleman*, 501 U.S. at 729)).  Here,

the Superior Court concluded Petitioner's ineffective assistance of trial counsel claim was

waived because he failed to raise it in his PCRA Petition and presented it for the first time on

appeal to the Superior Court.  *Johnson*, 2019 WL 1338679, at *3; *see also* 42 Pa.C.S. § 9544(b)

("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial,

during unitary review, on appeal or in a prior state postconviction proceeding."); Pa. R. App. P.

302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on

appeal.").  This is an independent and adequate state law ground resulting in a procedural

default.  *See, e.g.*, *Crocker v. Klem*, 450 F. App'x 136, 138 (3d Cir 2011) (concluding claim was

procedurally defaulted because the Superior Court held the "claim was waived on appeal because

[Petitioner] failed to raise it in his PCRA petition for the PCRA court to review."); *Werts*, 228

F.3d at 194 (finding procedural default where claim was "raised for the first time in his appellate

brief on collateral review").

Because Petitioner's claim is procedurally defaulted, this Court may not review the

merits unless he establishes an exception to excuse the procedural default.  *Lines*, 208 F.3d at

159.  Petitioner asserts the procedural default is excused due to PCRA Counsel's alleged

ineffectiveness under *Martinez*.  (Hab. Pet., ECF No. 1, at 6; Reply, ECF No. 12, at 17–19).

*Martinez* recognized a "narrow exception" to the general rule that attorney errors in

collateral proceedings do not establish cause to excuse a procedural default, holding,

"[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause

for a prisoner's procedural default of a claim of ineffective assistance at trial."  566 U.S. at 9.

The Third Circuit has provided that "'[w]here state law requires a prisoner to raise claims of

ineffective assistance of trial counsel in a collateral proceeding, rather than on direct review, a

procedural default on those claims will not bar their review by a federal habeas court if three

conditions are met: (a) the default was caused by ineffective assistance of post-conviction

counsel or the absence of counsel (b) in the initial-review collateral proceeding (i.e., the first

collateral proceeding in which the claim could be heard) and (c) the underlying claim of trial

counsel ineffectiveness is 'substantial.'"  *Preston v. Superintendent Graterford SCI*, 902 F.3d

365, 376 (3d Cir. 2018) (quoting *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014) (quoting

*Martinez*, 566 U.S. at 14)).

> For *Martinez* to apply, Petitioner must first show PCRA Counsel's performance

"constituted deficient performance under the first prong of the *Strickland* analysis—meaning that

counsel's representation fell below an objective standard of reasonableness."  *Preston*, 902 F.3d

at 376 (citing *Strickland*, 466 U.S. at 688).  A lawyer's performance falls below an objective

standard of reasonableness when "there is simply no rational basis to believe that counsel's

failure to argue the . . . issue on appeal was a strategic choice."  *United States v. Mannino*, 212

F.3d 835, 844 (3d Cir. 2000); *Bey v. Superintendent Greene SCI*, 859 F.3d 230, 244 (3d Cir.

2017) (finding PCRA counsel ineffective where no obvious strategic basis for failing to assert

trial counsel's ineffectiveness related to defective jury instruction).

> Here, PCRA counsel challenged only the constitutionality of the trial court's jury

instruction itself, an issue which is waived on post-conviction review unless first raised on direct

appeal. *See Com. v. Brown*, 872 A.2d 1139, 1145 (Pa. 2005). Because of this, PCRA counsel

unreasonably performed by overlooking the claim of trial counsel ineffectiveness until it was too

late. *Cf. Workman v. Superintendent Albion SCI*, 915 F.3d 928, 942 (3d Cir. 2019) (finding

procedural default excused where PCRA counsel unreasonably omitted "a significant and

obvious issue"); *Bey*, 856 F.3d at 244 (concluding procedural default excused where PCRA

counsel had no strategic reason for omitting trial counsel's failure to object to faulty jury

instruction); *Alvarado v. Wetzel*, No. 16-3586, 2019 WL 3037148, at *9 (E.D. Pa. July 10, 2019)

(finding procedural default excused where "PCRA counsel overlooked the 'significant and

obvious' due process implications of the written supplemental jury instruction and trial counsel's

failure to object on that ground.").

Additionally, the second prong of *Martinez* is satisfied because PCRA counsel did not

raise the ineffectiveness claim before the PCRA Court, which was the "first collateral proceeding

in which the claim could be heard[.]" *Cox*, 757 F.3d at 119; *see also Preston*, 902 F.3d at 377

("The second *Cox* requirement is also satisfied here, as PCRA counsel failed to raise the [] claim

in the initial-review collateral proceedings before the Court of Common Pleas."). It now remains

to determine whether Petitioner's underlying claim of trial counsel ineffectiveness is

"substantial" and has "some merit." *Preston*, 902 F.3d at 376.

Whether a claim is "substantial" under *Martinez* is a less exacting standard than the

prejudice prong of *Strickland*, and is instead "analogous to the substantiality requirement for a

certificate of appealability." *Cox*, 757 F.3d at 119 (citing *Martinez*, 566 U.S. at 14). "Thus, the

question for *Martinez* purposes, is merely whether 'reasonable jurists could debate' that

[Petitioner's claim] has merit, or whether the claim is 'adequate to deserve encouragement to

proceed further.'" *Preston*, 902 F.3d at 377 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000))). I find that Petitioner's

ineffective assistance of counsel claim has some merit because reasonable jurists in this district

have debated at length the constitutionality of the type of instruction at issue here.  *See e.g.*

*Corbin v. Tice*, No. 16-4527 (E.D. Pa. 2021); *McDowell v. DelBalso*, No. 18-1466, 2019 WL

7484699 (E.D. Pa. 2019); *Edmunds v. Tice*, No. 19-1656, 2020 WL 6810409 (E.D. Pa. 2020)

(finding medical analogy unconstitutional).  *Contra Gant v. Giroux*, No. 15-4468, 2017 WL

2825927 (E.D. Pa. 2017); *Baxter v. McGinley*, No. 18-46, 2020 WL 299517 (E.D. Pa. 2020)

(finding medical analogy constitutional).

     Accordingly, I find that Petitioner has satisfied all three prongs of *Martinez*, and this

Court may now address the merits of his ineffective assistance of counsel claim.  However, I find

that this claim fails on the merits because Petitioner has not shown that he was prejudiced by trial

counsel's failure to object to the trial court's reasonable doubt instruction.

    **B.**    **Ineffective Assistance of Trial Counsel**

     Claims for ineffective assistance of counsel are governed by *Strickland v. Washington*,

466 U.S. 668 (1984).  In *Strickland*, the United States Supreme Court established the following

two-pronged test to analyze ineffectiveness claims:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious
> that counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment.  Second, the defendant must
> show that the deficient performance prejudiced the defense.  This
> requires showing that counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

     Here, Petitioner argues that trial counsel's failure to object to the trial court's jury

instruction constitutes ineffective assistance under *Strickland*.  First, Petitioner argues that the

trial court's medical analogy unconstitutionally defined reasonable doubt, and that trial counsel could not have had any reasonable explanation for failing to object to it.  (Reply, ECF No. 12, at 9–14).  Petitioner also argues, relying on *Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993), that it is presumed that Petitioner was prejudiced by trial counsel's failure to object, regardless of the relative strength of the evidence.  *Id.* at 14–16.  Finally, Petitioner argues that, even if prejudice is not presumed, the absence from trial and/or drug use of the Commonwealth's witnesses at trial means that Petitioner was prejudiced by the trial court's reasonable doubt instruction.  *Id.* at 16–17.  The Commonwealth first argues that the trial court's jury instruction was not erroneous, and therefore trial counsel was not ineffective for failing to object.  (Resp., ECF No. 9, at 14–15).  The Commonwealth also argues that prejudice should not be presumed because *Sullivan* concerned whether harmless error applies to a violation of the Sixth Amendment's right to a jury trial, not whether *Strickland* prejudice is presumed when counsel fails to object.  *Id.* at 16–19.  Accordingly, the Commonwealth asserts that, given the strength of the evidence against him, Petitioner cannot show that he was prejudiced by trial counsel's failure to object to the jury instruction.  *Id.* at 16.

### 1.      Trial Court Jury Instruction

"Due process is violated when a jury instruction relieves the government of its burden of proving every element beyond a reasonable doubt."  *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 285 (3d Cir. 2018) (citing *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009)).  To determine whether the jury instruction violated the Due Process Clause, "we ask whether there is 'some "ambiguity, inconsistency, or deficiency," in the instruction, such . . . that there is a "reasonable likelihood" that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt.'"  *Bennett*, 886 F.3d

at 285 (quoting *Sarausad*, 555 U.S. at 190-91 (internal citation omitted)).

Petitioner contends the medical procedure hypothetical used in the trial judge's illustration of reasonable doubt unconstitutionally altered the standard. (Reply, ECF No. 12, at 10–13). While this specific reasonable doubt instruction has been challenged in numerous habeas corpus petitions, the Third Circuit has not yet decided the issue of its constitutionality. *See Baxter v. Superintendent Coal Township SCI*, 998 F.3d 542, 546–47, n. 5 (3d Cir. 2021) (assuming without deciding that the instruction was unconstitutional). The courts in this district that have considered this instruction have split nearly equally on its constitutionality; eight courts have found the instruction unconstitutional,[2] while six have found it to satisfy due process.[3] In

---

[2] *Corbin v. Tice*, No. 16-cv-4527, 2021 WL 2550653, at *2–5 (E.D. Pa. June 22, 2021); *Jackson v. Capozza*, No. 17-cv-5126, 2019 WL 12288169, at *8–10 (E.D. Pa. Feb. 28, 2019), *report and recommendation adopted*, 2021 WL 1962887 (May 17, 2021); *Shields v. Smith*, No. 18-cv-750, 2020 WL 6929097, at *13–14 (E.D. Pa. Oct. 5, 2020), *report and recommendation adopted*, 2020 WL 6888466 (Nov. 24, 2020); *Edmunds v. Tice*, No. 19-cv-1656, 2020 WL 6810409, at *8–9 (E.D. Pa. Aug. 31, 2020), *report and recommendation adopted*, 2020 WL 6799259 (Nov. 19, 2020); *McDowell v. DelBalso*, No. 18-cv-1466, 2019 WL 7484699, at *3–4 (E.D. Pa. Jan. 23, 2019), *report and recommendation adopted*, 2020 WL 61162 (Jan. 3, 2020); *Brown v. Kauffman*, 425 F. Supp. 3d 395, 408–10 (E.D. Pa. 2019); *Brooks v. Gilmore*, No. 15-cv-5659, 2017 WL 3475475, at *3–5 (E.D. Pa. Aug. 11, 2017); *Moore v. Rivello*, No. 20-838, 2022 WL 1749250 (E.D. Pa. 2022).

[3] *Green v. Smith*, No. 18-cv-4734, 2020 WL 10058148, at *10–11 (E.D. Pa. Nov. 4, 2020), *report and recommendation adopted*, 2021 WL 2454482 (June 16, 2021); *Bey v. Kauffman*, No. 19-cv-2127, 2020 WL 5775932, at *17 (E.D. Pa. July 15, 2020), *report and recommendation adopted*, 2020 WL 5763550 (Sept. 28, 2020); *Gant v. Giroux*, No. 15-cv-4468, 2017 WL 2825927, at * 14–15 (E.D. Pa. Feb. 27, 2017), *report and recommendation adopted*, 2017 WL 2797911 (June 28, 2017), *vacated and remanded in light of Commonwealth's concession*, Order, No. 17-cv-2559 (3d Cir. Sept. 4, 2018); *Baxter v. McGinley*, No. 18-cv-46, 2019 WL 7606222, at *5–6 (E.D. Pa. Dec. 5, 2019), *report and recommendation adopted*, 2020 WL 299517 (Jan. 17, 2020), *aff'd on other grounds*, 998 F.3d 542, 544 (3d Cir. 2021); *Johnson v. Varner*, No. 01-cv-2409, slip op, at 7–8, Doc. No. 24 (E.D. Pa. Sept. 4, 2003); *see also Walker v. Brittain*, No. 18-cv-3705, 2020 WL 4815874, at * 18(E.D. Pa. Aug. 19, 2020) (finding *Martinez* exception to procedural default did not apply because PCRA counsel did render ineffective assistance in failing to raise ineffective-assistance-of-trial-counsel claim based on same reasonable doubt instruction where no court at the time of trial had found the instruction to be unconstitutional).

*Brooks v. Gilmore*, No. 15-5659, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017), the Honorable

Gerald A. McHugh held that the medical procedure analogy unconstitutionally skewed the

reasonable doubt standard. *Brooks*, 2017 WL 3475475, at *5. As Judge McHugh explained,

equating "reasonable doubt" with the level of doubt required to move forward with an

experimental medical procedure is problematic because a person "would need profound, if not

overwhelming, doubt to deny a loved one their only or best opportunity for a cure." *Id*. at *4. In

*Brown v. Kauffman*, No. 17-2236, I agreed with the *Brooks* court, and found that the surgical

hypothetical unconstitutionally altered the reasonable doubt standard. *Brown*, No. 17-2236,

2019 WL 6615187, at *11 (E.D. Pa. 2019) (report and recommendation of Sitarski, M.J.),

*approved and adopted* 425 F.Supp.3d 395 (E.D. Pa. 2019) (order of Slomsky, J.). I similarly

conclude here that the hypothetical employed constituted an "ambiguity, inconsistency, or

deficiency" that created a "reasonable likelihood" that the jury misapplied the standard. *Bennett*,

886 F.3d at 285 (quoting *Sarausad*, 555 U.S. at 190-91 (internal citation omitted)).

### 2.   Prejudice

Because Petitioner's claim is one of ineffective assistance of counsel, he must

demonstrate counsel performed deficiently and that he was prejudiced. *Strickland*, 466 U.S. at

687. "The first prong requires a showing that 'counsel's performance . . . fell below an objective

standard of reasonableness;' the second requires demonstrating 'a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 301 (3d Cir. 2019) (quoting *Albrecht v.

Horn*, 485 F.3d 103, 127 (3d Cir. 2007); *Strickland*, 466 U.S. at 688, 694). Here, Petitioner has

not shown that he was prejudiced by the alleged deficient performance of counsel.

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697; *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000); *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 477 (3d Cir. 2017); *Rainey v. Varner*, 603 F.3d 189, 201 (3d Cir. 2010).  To demonstrate prejudice, Petitioner must demonstrate that "but for counsel's error, there was a reasonable probability that the outcome of the proceeding would have been different, and, thus, that confidence in the outcome is undermined." *Albrecht v. Horn*, 485 F.3d 103, 128 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 694).  "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

Here, Petitioner argues that he need not prove actual prejudice because trial counsel's failure to object to the reasonable doubt jury instruction constituted a structural error that so fundamentally impacted the trial process that prejudice is presumed.  (Reply, ECF No. 12, at 14–16).

In *Brown*, I noted that "Supreme Court case law suggests that prejudice is presumed where there is an erroneous reasonable doubt instruction." *Brown*, 2019 WL 6615187, at *12 (citing *Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993); *Weaver v. Massachusetts*, 137 S.Ct. 1899, 1908 (2017)).  However, the Third Circuit recently addressed this issue in *Baxter v. Superintendent Coal Township SCI*, 998 F.3d 542 (3d Cir. 2021), a case involving a jury instruction nearly identical to the one given in this case.  In *Baxter*, the court assumed without deciding that an incorrect reasonable doubt instruction constitutes a structural error.  *Id.* at *4. Using a similar "fundamental unfairness" approach to that used in *Weaver*, the court then evaluated whether such an error triggers the presumption of prejudice.  *Id.*  The court observed that the complete failure to give a reasonable doubt instruction does trigger the presumption of prejudice; however, when a reasonable doubt instruction is given, "the rules concerning

evaluating a jury instruction apply." *Id.* (citing *Sullivan*, 508 U.S. at 281; *U.S. v. Isaac*, 134 F.3d 199, 204 (3d Cir. 1998)).  These rules require "examining the language in its totality and determining whether the instructions correctly captured the applicable legal concepts." *Id.* (citing *Isaac*, 134 F.3d at 204).  The court then concluded: "[i]n the context of an ineffective assistance of counsel claim, if we conclude that the instruction contains an error, we then examine whether the instruction resulted in actual prejudice." *Id.*; *see also id.* at n. 7 ("When … counsel makes an isolated error during the trial, such as failing to object to a jury instruction, the defendant must show actual prejudice to prevail on a claim of ineffective assistance of counsel. … Thus, not all errors involving the actions of counsel trigger a presumption of prejudice.").

This case involves the exact situation at issue in *Baxter*.  Here, the trial court did not completely fail to give a reasonable doubt instruction; rather, Petitioner challenges the isolated error of trial counsel in failing to object to the trial court's medical analogy.  Because of this, it is necessary for Petitioner to show actual prejudice resulted from trial counsel's failure to object. "It is firmly established that a court must consider the strength of the evidence in deciding whether the *Strickland* prejudice prong has been satisfied." *Saranchak v. Beard*, 616 F.3d 292, 311 (3d Cir. 2010) (quoting *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999)); *Ross v. District Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012) ("In assessing prejudice, a court 'must consider the totality of the evidence before the judge or jury.'" (quoting *Strickland*, 466 U.S. at 695)).  The effect of counsel's alleged errors "must be evaluated in light of the totality of the evidence at trial: 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Grant v. Lockett*, 709 F.3d 224, 235 (3d Cir. 2013) (quoting *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006)).

Here, Petitioner's argument that he was prejudiced by counsel's alleged errors fails to

effectively challenge the substantial evidence of guilt adduced at trial.  The jury credited the

evidence of guilt, and we are not free to override the jury's assessment of the evidence.  He has

not shown a reasonable probability that, had counsel objected, the result of the proceeding would

have been different.  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  *Harrington v. Richter*, 562 U.S. 86, 104

(2011).  Confidence in the outcome of the jury's verdict is not undermined here.  The evidence

presented at trial – and credited by the jury -- was strong.

Petitioner argues that he was prejudiced by trial counsel's conduct because there were

serious potential issues with the eyewitness testimony presented in his case.  (Reply, ECF No.

12, at 16).  He notes that Curtis Johnson's testimony was introduced through transcripts from the

preliminary hearing, and that the jury had no opportunity to hear his testimony in person.  *Id.*  He

also notes that Tianna Thomas had been convicted of prior *crimen falsi* and had consumed

alcohol, taken Xanax, and smoked marijuana during the day before the shooting, and that Isaac

Whitaker had consumed alcohol and smoked marijuana prior to the shooting.  *Id.*  However,

these potential witness issues are not enough to create a "substantial" likelihood of a different

result had the trial court omitted the medical analogy from its jury instructions.  *See Cullen*, 563

U.S. at 189.

Petitioner was implicated in the shooting by three separate eyewitnesses who had all

known him for years: Curtis Johnson, Petitioner's cousin; Tianna Thomas, Petitioner's ex-

girlfriend; and Isaac Whitaker, Curtis Johnson's friend.  Curtis Johnson and Tianna Thomas both

witnessed the shooting and gave statements to that effect to the police, with Thomas also

identifying Petitioner from a photo array.  (N.T. 3/10/10, at 47–48, 147–48).  Thomas and Curtis

Johnson both told police that Petitioner had gotten into a disagreement with the victim regarding

19

money for a gun.  *Id*.  Isaac Whitaker also testified that Petitioner had admitted to shooting the

victim.  (N.T. 3/8/10, at 71–76).  The three witnesses' familiarity with Petitioner and their

consistent identifications of him as the shooter make their testimony particularly strong.

*Compare Baxter*, 998 F.3d 542 (finding no prejudice where various eyewitnesses who knew

petitioner for years identified him as the shooter and where petitioner fled the scene); *contrast*

*Corbin*, No. 16-4527 (E.D. Pa. 2021) (finding prejudice where two witnesses had trouble

identifying petitioner as the shooter and remaining three had personal conflicts with petitioner);

*Brooks*, 2017 WL 3475475 (finding prejudice where prosecution relied on one eyewitness who

initially accused someone other than defendant and subsequently identified two other individuals

as the perpetrator).  Further, regarding Whitaker's and Thomas' consumption of intoxicants on

the day of the shooting, the jury had sufficient evidence to reject any suggestion that their

perception of events was affected.  Whitaker testified that he was able to remember the details of

the incident and Petitioner's statements.  (N.T. 3/8/10, at 89–91).  The Commonwealth elicited

from Thomas that her police statement following the incident never mentioned drinking or being

intoxicated, and also presented testimony from the detective who interviewed her that she did not

appear intoxicated at the time.  (N.T. 3/10/10 at 75, 185.).  *Compare Baxter*, 998 F.3d 542

(finding no prejudice where witness who had used drugs the night before the shooting testified

that she had a clear recollection of events).

Based on the evidence against Petitioner, it is not substantially likely that the jury's

verdict would have been different were it not for the trial court's medical analogy.  *See*

*Saranchak v. Secretary, Pa. Dep't of Corrs.*, 802 F.3d 579, 592 (3d Cir. 2015) (concluding that

trial errors "did not contribute to a reasonable probability of a different outcome given the

strength of the Commonwealth's case").  Therefore, Petitioner has not shown that actual

prejudice resulted from trial counsel's failure to object to that analogy.

Accordingly, I conclude that Petitioner's ineffective assistance of trial counsel claim fails because he has not established that he was prejudiced by trial counsel's conduct.  Therefore, I respectfully recommend relief on this basis be denied.

**IV.    CONCLUSION**

For the foregoing reasons, I respectfully make the following:

**RECOMMENDATION**

AND NOW this __11TH__ day of August, 2022, I respectfully RECOMMEND that the petition for writ of habeas corpus be DENIED without an evidentiary hearing and without the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

___/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
United States Magistrate Judge